UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KAREN CHENEAU**                                               **CIVIL ACTION**

**versus**                                                      **No. 06-9113**

**SECURITY PLAN FIRE INSURANCE**                                **SECTION: "I"/3**
**COMPANY**

ORDER AND REASONS

The matter before the Court is a motion to remand, filed on behalf of plaintiff, Karen Cheneau. Defendant in this matter is Security Plan Fire Insurance Company ("Security Plan").

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL

2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[2] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, April __19th__, 2007.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[1] It is well established that the Court's jurisdiction is fixed as of the time of removal.  *Serigne v. State Farm Fire and Cas. Co.*, 2007 WL 956641, at *1 (E.D. La. Mar. 28, 2007) (Vance, J.) (citing 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996)).  As the only basis for removal of this matter has previously been rejected by this Court, removal was improper.  Despite defendant's discussion of plaintiff's amended complaint, no leave to file that amended complaint has been granted and jurisdiction cannot be based on it.  On remand, should plaintiff successfully amend her complaint, defendant may seek to remove this matter again as the applicable federal rules and statutes permit.

[2] Rec. Doc. No. 24.